IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **NEXUSCARD INC.,**<br><br>                           Plaintiff,<br>  v.<br><br>**BROOKSHIRE GROCERY COMPANY**<br>**THE KROGER CO.,**<br>                           Defendant. | Case No. 2:15-cv-961<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF NEXUSCARD'S RESPONSE IN OPPOSITION
TO MOTION TO STAY PENDING COVERED BUSINESS METHOD REVIEW OR,
ALTERNATIVELY, PENDING RESOLUTION OF ITS MOTION TO DISMISS**

Plaintiff Nexuscard Inc. ("Nexuscard") hereby files this Response in Opposition to the Motion to Stay Pending Covered Business Method Review or, alternatively, Resolution of Kroger's Motion to Dismiss ("Motion") filed by Defendant The Kroger Co. ("Kroger" or "Defendant"). In the Motion and the Covered Business Method Review, Kroger alleges that the claims of United States Patent No. 5,924,080 (the "'080 Patent") lack patentable subject matter. As will be shown below, Kroger relies on inapplicable law and fails to consider relevant facts in seeking the extraordinary relief of a stay of this case. Accordingly, the Court should deny the Motion to Stay.

**I.  Background**

Nexuscard filed this action on June 5, 2015 (Dkt. No. 1) alleging that Kroger infringes the '080 Patent, and Kroger was served with Nexuscard's complaint on June 11, 2015. Dkt. No. 7. On July 2, 2015, Kroger filed a motion to dismiss asserting that the '080 Patent lacked patentable subject matter. Dkt. No. 8. Nexuscard filed its response to the motion to dismiss (Dkt. No. 17). On September 3, 2015, the Court issued an order setting a scheduling conference in this case for September 30, 2015, and imposing deadlines for the parties to serve infringement

1

and invalidity contentions. Dkt. No. 20. Nexuscard served its infringement contentions on September 21, 2015, asserting six claims of the `080 Patent.

Only after receiving those infringement contentions and nearly five months after Nexuscard filed its action against Kroger, Kroger filed a Petition for Covered Business Method Review ("CBMR") under 35 U.S.C. §§ 321 challenging the validity of the claims of the '080 Patent.  This action was filed after all of the briefing on Kroger's original motion to dismiss had long since been completed.  In fact, in addition to the CBMR, Kroger and Brookshire together have filed four motions before this Court.

## II.   THE CASE SHOULD NOT BE STAYED PENDING CBM REVIEW

After a party has filed a petition requesting covered business method review, the patent owner has three months to file a preliminary response opposing the request, which is currently set for December 28, 2015. 35 U.S.C. § 323.  Within three months of the time set for the patent owner's response, the PTAB will render a decision on whether or not to institute a proceeding, which would occur by March 28, 2016.  35 U.S.C. § 324.  Then, and only if instituted and the CBMR becomes a proceeding, the dispute could take up to another 12 months to be completed, by March 28, 2017.

Jury Selection for this matter is scheduled for November 7, 2016.  Defendants are asking for the Court to stay the case at least until March 28, 2016 for a petition that has not even been instituted into a proceeding.  If instituted, the defendants would ask the court to stay all activity until March 27, 2017, nearly 5 months after the original date scheduled for trial in this matter.

### A.  *VirtualAgility* and Section 18 (b) do not apply.

At the outset, it is important to stress that the Motion should be denied for the sole reason the Defendants did not even apply the correct legal standard.   In the Leahy-Smith America

Invents Act, Pub. L. No. 112-29, § 18, 125 Stat. 284, 329-31 (2011), a four-factor test is provided for determining whether or not courts should grant a stay for a transitional proceeding:

Section 18 of the AIA states in relevant part:

(b) REQUEST FOR STAY.—

> (1) IN GENERAL.—If a party seeks a stay of a civil action alleging infringement of a patent under section 281 of title 35, United States Code, relating to a [CBMR]5 **proceeding for that patent**, the court shall decide whether to enter a stay . . . .

Defendants proffered this test as the legal test warranting a stay in this case. However, the Federal Circuit has made expressly clear a Petition for CBMR is not a proceeding when filed, but is only a proceeding after it has been instituted. *See Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, 781 F.3d 1372 (Fed. Cir. 2015). Thus, until the Director of the USPTO institutes the action, Section 18 does **_not_** apply and is not the operative standard for determining whether a stay should be instituted.

Defendants' reliance on *Virtual Agility Inc. v. Salesforce.com, Inc.* 759 F.3d 1307, 1309 (Fed. Cir. 2014), is simply misplaced as the District Court ruled on the motion to stay after the CMBR was instituted. Those facts are not present in this case. Only a petition has been filed, but it has not been instituted. Therefore, there is no proceeding and the Court should not apply the four-factor test provided under Section 18 of the AIA. As that is only the test offered and supported by Defendants, there is no properly supported motion before the Court warranting a stay at this time. Kroger has failed to meet its burden and the Motion should be denied for this reason alone.[1]

---

[1] Faced with the recognition that it sought a stay based on the wrong law, Kroger may attempt to raise new arguments and evidence in the Reply, which should be rejected under the law. To the extent the Court will entertain such attempts, Nexuscard reserves the right to seek relief of filing a fully responsive opposition on new issues.

Nexuscard recognizes that the Court still maintains inherent authority and can grant a motion to stay prior to the institution of a CBMR. However, in light of Kroger's failure to even apply the proper legal standard, the extreme relief requested, and for the other reasons set forth in herein, Nexuscard respectfully requests the Court deny Kroger's Motion.

### B. Facts do not support granting a stay pending the CBMR.

The Patent Trial and Appeals Board (PTAB) has until March 28, 2016 to decide whether to institute the CBMR. A delay of nearly six months works real prejudice to Nexuscard. Nexuscard has a right to an interest in the timely enforcement of its patent right. *Ambato Media, LLC v. Clarion Co., Ltd*., 2:09-cv-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan 23, 2012).

Moreover, the CBMR does not address 35 U.S.C. § 102 or 103 (Dkt. No. 33-2). If Kroger is unsuccessful at institution of this CBMR, which Nexuscard contends will happen, Defendants can take further shots at the '080 Patent on additional grounds and request further delay.

Additional support for why such a stay should not be granted is similar to the support for why the case should not be stayed pending resolution of Kroger's motion to dismiss, which is further discussed below.

### III. THE CASE SHOULD NOT BE STAYED PENDING RESOLUTION OF KROGER'S MOTION TO DISMISS

This issue is already before the Court through the actions of Kroger's co-defendant, Brookshire. Thus, rather than restate those points, Nexuscard incorporates its Opposition and Sur-reply herein by reference. Dkt. Nos. 23 and 37.

That being said, Kroger set forth four points to try and evidence support for a stay and Nexuscard addresses each of those points below.

### A. Facts and claim construction are significant factors to determine before deciding Kroger's motion.

This Court is well aware of the law surrounding validity and patentable subject matter. The Court is called to determine if patent claims are directed to an abstract idea and if the elements of the claim provide an inventive concept, essentially apply the two-prong test from *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. ___, 134 S. Ct. 2347 (2014). When analyzing the second prong of the test, such as when claim elements either individually or as a whole are conventional or routine, facts are often important.

The USPTO Guidelines provide that "examiners should rely on what the courts have recognized, or those in the art would recognize, as elements that are well-understood, routine and conventional."[2] Because none of the '080 claim elements have been described in current case law, an examiner would have to rely on those with skill in the art. Those facts have not been determined or disclosed yet in this case.

Facts are important to make such a determination. Kroger's support for its assertion that claim elements are conventional and routine is found predominantly in the prior art. Thus, factual support should be considered when considering these issues.

Moreover, the claim terms have not been construed. The '080 patent has 2 independent claims, with each including means plus function claim language and over 17 elements. None of these terms have been construed. Kroger's motion to dismiss fails to overcome this District's precedence when it comes to early Rule 12 motions to dismiss for lack of patentable subject matter by failing to show that the '080 patent claims are the exception, not the rule. "While handling the issue of section 101 eligibility at the pleading stage is permissible, those issues are often inextricably tied to claim construction. Thus, it seems a definitive ruling on eligibility

---

[2] http://www.uspto.gov/sites/default/files/documents/ieg-july-2015-update.pdf.

before claim construction is only warranted in narrow circumstances, making such a ruling the exception rather than the rule." *Phoenix Licensing, L.L.C. v. Century Link, Inc.*, 2015 WL 5786582 at *2 (E.D. Tex. Sept. 29, 2015); *see also Presqriber, LLC v. AO Capital Partners LLC*, Case No. 6:14-cv-440, Dkt. No. 125 (E.D. Tex. Mar. 31, 2015) (denying motion to dismiss at pleadings stage, without prejudice to re-urging after claim construction).

### B. Kroger's support for a stay of discovery for any dispositive motion is an over generalization. The stay is not automatic as Kroger requests.

A stay is not automatic and should not issue based on the facts presented by Kroger. Adopting Kroger's reasoning and granting the Motion in this case would establish a precedent whereby anytime a CBMR or other dispositive motion has been filed, the Court should enter a stay. A *de facto* automatic stay approach has not been this Court's practice and Nexuscard would urge the Court not to adopt such a rule now.

Additionally, in the case and the language cited by Kroger, *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987), the Fifth Circuit stated that the trial court "had broad discretion and inherent power to stay discovery." Nexuscard agrees with this Court's broad discretion and believes it should not be used to stay this case under these facts. In this case, which is far different from *Petrus*, there are important factual and legal issues relevant to dispositive motion practice that can only be explored and correctly decided after discovery and claim construction.

### C. The balance of hardships does not favor a stay.

A Plaintiff has "an interest in the timely enforcement of its patent right." *Ambato Media, LLC v. Clarion Co., Ltd.*, 2:09-cv-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan 23, 2012). A stay would negatively delay and unduly prejudice Nexuscard's enforcement of its patent rights. A Markman hearing date is set; a trial date is set.

Moreover, a stay will result in real prejudice to Nexuscard. Nexuscard's owner is of significant age and has had numerous life threatening health problems. See Declaration of Adam L. Baumli at 2. Moreover, the inventor of the '080 Patent has health problems. Id. at 3. The attorney responsible for prosecuting the '080 Patent before the USPTO is over 80 years old and has a life threatening health procedure scheduled soon. Id. at 4. Nexuscard is not trying to be overly dramatic, but a six month delay could prove to be extremely significant. Nexuscard and Kroger both will want to depose these potential witnesses. Moreover, Nexuscard deserves the right to enforce their patent rights while these men are still capable of testifying.

Kroger's attempts to argue that it faces significant costs and procedural disclosure obligations should be rejected. Kroger's actions reveal that cost is of minimal concern. Kroger has spent tens of thousands of dollars (or more) on legal and filing fees just for the CMBR based on an issue already briefed in this Court. The reality is that Kroger's real goal is to manipulate the patent system and office to financially cripple Nexuscard.

**D.   A stay is not warranted**

The fourth reason Kroger raises regarding the stay is simply the third reason restated. Kroger requests the Court to stay the case so that Kroger can delay the costs associated with litigation. Kroger's actions show a defendant where costs are not a major concern.

On the other hand, Nexuscard has made clear that it will be substantially prejudiced by the stay. Nexuscard has health concerns with several important individuals who will probably be called upon as a witness. Moreover, this is a strong patent with clear infringement. The merits of Nexuscard's case vastly outweigh Kroger's potential costs. Nexuscard has an interest in the timely enforcement of his patent rights.

### IV. THIS CASE FAILS TO PRESENT COMPELLING CIRCUMSTANCES FOR A STAY

In *Novelpoint Security LLC v. Kingston Tech. Co.*, No 2:13-cv-84, Order at 1 (E.D. Tex. July 2, 2013), this Court denied a motion to stay, referring to a standard discovery order. The Court noted that its practice was not to grant stays early in the case pending motion to dismiss and the defendant had not provided compelling evidence otherwise. *Id.*

The same is true here. Kroger's circumstances here are not compelling. There are only two defendants in this case and all the issues regarding discovery and other tangential factors were present and argued in the *Novelpoint* matter.

### CONCLUSION

For the reasons set forth in this opposition brief, Nexuscard respectfully requests that the Court deny Kroger's motion to stay. Finally, Nexuscard respectfully requests that the Court grant Nexuscard such other and further relief to which it is entitled.

Dated: October 19, 2015          Respectfully submitted,

                                       /s/*Andrew W. Spangler*
                                       Andrew W. Spangler
                                       TX SB #24041960
                                       **SPANGLER LAW, P.C.**
                                       208 N. Green St., Suite 300
                                       Longview, TX 75601
                                       Telephone (903) 753-9300
                                       Facsimile (903) 553-0403
                                       spangler@spanglerlawpc.com

                                       Adam L. Baumli
                                       TX SB # 24066638
                                       BAUMLI LAW FIRM
                                       7116 Nicki Ct.
                                       Dallas, Texas 75252
                                       Telephone:  (214) 870-1240
                                       Facsimile:  (214) 594–8722
                                       adam@thebaumlilawfirm.com

                                       Attorneys for Nexuscard Inc.

## CERTIFICATE OF SERVICE

     I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, in accordance with Local Rule CV-5(a)(3), on this the 19th day of October, 2015.

                                        /s/Andrew W. Spangler
                                       Andrew W. Spangler